David HEALY, Plaintiff–Appellant,

v.

The **CITY OF NEW YORK DEPARTMENT OF SANITATION,** Defendants–Appellees.

No. 06–5865–cv.

United States Court of Appeals, Second Circuit.

June 30, 2008.

Matthew S. Porges, Robert J. Valli, Jr., Leeds Morelli & Brown PC, Carle Place, NY, for Appellant.

Michael A. Cardozo, Corporation Counsel, Susan Choi–Hausman, Senior Counsel, Pamela Seider Dolgow, Alex Ali Ayazi, of Counsel, New York City Law Department, New York, NY, for Appellees.

PRESENT: Hon. AMALYA L. KEARSE, Hon. ROBERT D. SACK, Hon. DEBRA A. LIVINGSTON, Circuit Judges.

### SUMMARY ORDER

Plaintiff-appellant David Healy appeals from a judgment of the district court granting defendant-appellee's motion for summary judgment and dismissing Healy's claim under 42 U.S.C. § 1983 for alleged violations of his First Amendment rights, and one state-law claim. We assume the parties' familiarity with the underlying facts and procedural history of this case, and with the issues raised on appeal.

■ We agree with the district court that Healy cannot establish a First Amendment violation because the reports

of corruption, for which he alleges he was retaliated against, arose in the course of his official job duties.

"Whether public employee speech is protected from retaliation under the First Amendment entails two inquiries: (1) 'whether the employee spoke as a citizen on a matter of public concern' and, if so, (2) 'whether the relevant government entity had an adequate justification for treating the employee differently from any other member of the general public.'" *Ruotolo v. City of New York*, 514 F.3d 184, 188 (2d Cir.2008) (quoting *Garcetti v. Ceballos*, 547 U.S. 410, 418, 126 S.Ct. 1951, 164 L.Ed.2d 689 (2006)). "Recognizing that government employers (like private employers) 'have heightened interests in controlling speech made by an employee in his or her professional capacity,' the Supreme Court ruled that a public employee speaking in his official capacity is not speaking as a citizen for First Amendment purposes, and employer retaliation for such speech does not justify the 'displacement of managerial discretion by judicial supervision.'" *Id.* at 189 (quoting *Garcetti*, 547 U.S. at 422, 423, 126 S.Ct. 1951). The inquiry into the "scope of an employee's duties ... is a practical one." *Garcetti*, 547 U.S. at 424, 126 S.Ct. 1951.

It is undisputed that Healy's inventory check was performed as part of his official duties. While performing this check, he uncovered what appeared to be evidence of corruption and reported these findings of corruption to his superior, Inspector McClernon. This report was therefore also made within the scope of Healy's duties, for it was based directly on the results of his inventory check. The fact that Healy made his report to the same superior who was responsible for directing his inventory check in the first place, rather than making an external communica-

tion, also supports the conclusion that there was no genuine issue as to the fact that this report was made in the course of Healy's official duties.

Because Healy cannot establish that his First Amendment rights were violated by the defendant, his claim under 42 U.S.C. § 1983 was properly dismissed.

■ Healy also asks us to overturn, on the merits, the district court's dismissal of his claim under New York City Administrative Code § 12–113 (barring retaliation against city-employee whistleblowers). However, Healy's First Amendment claim was his sole federal claim, and "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims," *Carnegie–Mellon University v. Cohill*, 484 U.S. 343, 350 n. 7, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988). Defendant thus contends that supplemental jurisdiction should not be exercised over the § 12–113 claim, and we agree. The issues posed by this claim have no relation to federal law, *cf. Kolari v. New York–Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir.2006), but rather implicate local governmental interests, *see, e.g., Seabrook v. Jacobson*, 153 F.3d 70, 73 (2d Cir.1998). Given that Healy's only federal claim was dismissed at an early stage of the litigation, *see, e.g., Oliveira v. Frito–Lay, Inc.*, 251 F.3d 56, 64 (2d Cir.2001), and that there is a paucity of state-court decisions construing § 12–113, *see generally id.* at 64 & n. 2; *Valencia ex rel. Franco v. Lee*, 316 F.3d 299, 306 (2d Cir.2003), we conclude that the district court exceeded the bounds of discretion in deciding Healy's § 12–113 claim on its merits rather than declining to exercise supplemental jurisdiction. The district court should dis-

miss this claim without prejudice so that Healy can seek to pursue it in state court if he wishes.

For the foregoing reasons, the judgment of the district court is hereby AFFIRMED, except that the case is REMANDED to the district court with instructions that the state-law claims be dismissed without prejudice.